UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Demarcus D. Fleming, | ) | No. 8:24-cv-3972-SAL-WSB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Napier, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Demarcus D. Fleming ("Petitioner") is a prisoner in the custody of the Federal Bureau of Prisons ("BOP") and is currently incarcerated in South Carolina at the Edgefield Federal Correctional Institution. ECF No. 1 at 2. Proceeding pro se, Petitioner brings this habeas corpus action under 28 U.S.C. § 2241. *Id*. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned Magistrate Judge is authorized to review such petitions for relief and submit findings and recommendations to the District Court. For the reasons below, the Petition filed in this matter is subject to summary dismissal.

## **BACKGROUND**

Petitioner brings this action seeking to compel the BOP to apply First Step Act ("FSA") credits to his sentence. ECF No. 1 at 2. Petitioner contends he submitted a request to the Warden on June 6, 2023, requesting him to use the "warden exception" to apply FSA time credits, but the Warden denied that request on June 9, 2023. *Id*. He contends he appealed to the Regional Director for the Southeast Region on July 10, 2023, but the appeal was denied on August 29, 2023. *Id*. at 3. He then appealed to the BOP Director in Washington, DC, on October 12, 2023, which was denied on October 24, 2023. *Id*. Petitioner asserts that he has "done everything in [his] power to

1

get [his] score to low/low" and to "get [his] recidivism dropped" but due to lockdowns and staff shortages, he could not "do what [he] needed to do." *Id*. Thus, he requests to "overstep the warden to apply [his] FSA credits." *Id*.

Petitioner asserts a single ground in support of his claim, provided substantially verbatim as follows:

> **GROUND ONE**:   That the warden has the power to apply FSA credits earned.
>
> *Supporting Facts*:   The "Warden Exception" clause in FSA law.

*Id*. at 6. For his relief, Petitioner requests an award of FSA credits. *Id*. at 7. He argues that he would be immediately released if the credits were awarded. *Id*.

## APPLICABLE LAW

### Liberal Construction of Pro Se Petition

Petitioner brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Further, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

## Habeas Corpus

### *Generally*

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The primary means of attacking the validity of a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255, while a petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence. *See United States v. Little*, 392 F.3d 671, 678–79 (4th Cir. 2004).

A petitioner may bring a petition for a writ of habeas corpus under § 2241 if he is "attack[ing] the computation and execution of the sentence rather than the sentence itself." *U.S. v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989); *Diaz v. Warden, FCI Edgefield,* No. 4:17-cv-00093-RBH, 2017 WL 2985974, at *2 (D.S.C. July 13, 2017) (noting a § 2241 petition "is the proper means for a federal prisoner to challenge the BOP's sentencing calculations"). A petition pursuant to § 2241 challenging the execution of a federal prisoner's sentence generally addresses "such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001); *see also Manigault v. Lamanna*, No. 8:06-cv-047-JFA-BHH, 2006 WL 1328780, at *1 (D.S.C. May 11, 2006). A petition under § 2241 must be brought

against the warden of the facility where the prisoner is being held, 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 434–35 (2004), and "in the district of confinement rather than in the sentencing court." *Miller*, 871 F.2d at 490.

## **DISCUSSION**

Petitioner commenced this action to challenge the BOP's calculation of his sentence and he asks this Court to award FSA credits. However, this action is subject to summary dismissal because Petitioner has not alleged facts showing he is entitled to the requested relief.

With regard to the application of FSA credits, one court has summarized the process as follows:

> The FSA provides eligible inmates the opportunity to earn 10 to 15 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming (EBRR programs) and productive activities (PA). 18 U.S.C. § 3632(d)(4)(A). The earned credits, referred to as FTCs, can be applied toward earlier placement in prerelease custody, such as Residential Reentry Centers and home confinement, or toward a term of supervised release. *Id.* § 3632(d)(4)(c).
>
> Title I of the FSA mandated the development and implementation of a risk and needs assessment system for people in federal custody. The result was the Prisoner Assessment Tool Targeting Estimated Risk and Needs (PATTERN) — a program designed to assess individuals' risk of engaging in crime once they are released from federal custody. An inmate's ability to benefit from FTCs is dependent on his PATTERN score. Inmates with any PATTERN score may earn FTCs, but only those inmates with low and minimum PATTERN scores can have the FTCs applied to their sentences. 28 C.F.R. § 523.42 (explaining how inmates earn FTCs); *id. § 523.44* (limiting application of FTCs to eligible inmates who also have "demonstrated recidivism risk reduction or maintained a minimum or low recidivism risk, during the term of imprisonment").

*Francis v. Warden of USP Lee*, No. 7:22-cv-00307, 2023 WL 3945511, at *1 (W.D. Va. June 12, 2023) (concluding that the petitioner's "§ 2241 claim seeking immediate application of the FTCs

to permit his release or to reduce his term of supervised release is without merit" because he acknowledged he had a high PATTERN score).

Here, Petitioner claims to have "done everything in [his] power to get [his] score to low/low," but he could not do what was required for application of the FSA credits. ECF No. 1 at 3. Petitioner has not, however, alleged facts showing that his PATTERN score qualifies him to receive any FSA credits. Instead, he argues that the Warden should apply an exception so that the FSA credits can be applied to his sentence. However, Petitioner

> misunderstands a crucial part of the FSA concerning not just [his] ability to *earn* time credits, but the *application* of those credits. While [Petitioner] is free to earn time credits as an inmate with a medium risk recidivism level, under 18 U.S.C. § 3624(g)(1)(D)(i)-(ii), the BOP cannot apply those time credits to [his] sentence unless and until [he] has a minimum or low risk recidivism level for two consecutive assessments for prerelease custody or a minimum or low risk recidivism level for the last assessment for supervised release.

*Brown v. Garrett*, No. 7:22-cv-00551-AMM-JHE, 2022 WL 18161601, at *3 (N.D. Ala. Dec. 22, 2022), *Report and Recommendation adopted by* 2023 WL 130519 (N.D. Ala. Jan. 9, 2023). "[T]he FSA expressly provides that while an inmate who has a PATTERN score of medium or high risk of recidivism is eligible to complete EBRR programs and PAs, the successfully completed programs and PAs are not applied towards the inmate's time credits until [he] has received a minimum or low risk PATTERN score for two consecutive assessments." *Id.* (citing 18 U.S.C. § 3624(g)(1)(D)(i), (ii)). "[A]ll BOP inmates receive such reviews every 180 days." *Torok v. Beard*, No. PX-21-cv-1864, 2022 WL 2703836, at *1 (D. Md. July 12, 2022).

Because Petitioner has not alleged facts showing that his PATTERN score entitles him to the application of any FSA credits, his claim is without merit. Although Petitioner contends he should receive FSA credits, "under the plain language of the statute[ ]only inmates with minimum

or low recidivism risk levels are automatically eligible to apply their FSA time credits." *Brown v. Holzapfel*, No. 5:24-cv-00062, 2024 WL 3264795, at *2 (S.D.W. Va. June 6, 2024), *Report and Recommendation adopted by* 2024 WL 3258279 (S.D.W. Va. July 1, 2024); *see also Smith v. Warden, FCI Beckley*, No. 5:23-cv-00360, 2024 WL 832879, at *5 (S.D.W. Va. Feb. 1, 2024) (dismissing § 2241 petition where the petitioner did "not directly challenge his risk assessment and, indeed, acknowledge[d] that he was at a medium risk level at the time he filed the petition" and instead "simply appear[ed] to request that the court override the BOP's interpretation of the FSA and award him 365 days of FTC"), *Report and Recommendation adopted by* 2024 WL 817449 (S.D.W. Va. Feb. 27, 2024)

Petitioner's contention that the Warden should apply an exception is also without merit as he has failed to allege facts showing he is entitled to the application of any such exception.

> If a prisoner does not have a minimum or low recidivism risk level, he must petition the Warden for individual approval of the application of his earned time credits. The Warden may only approve the application of the time credits after determining that the prisoner would not be a danger to society if released, has made a good faith effort to lower his recidivism risk, and is unlikely to recidivate. Other courts have found that these decisions are generally discretionary and not subject to judicial review.

*Brown*, 2024 WL 3264795, at *3 (citations omitted). Thus, to the extent Petitioner's claim is a challenge the Warden's denial of a petition to apply an exception, such a claim is not reviewable by this Court in this action. *Id.*; *see also Stargell v. Heckard*, No. 5:23-cv-00546, 2024 WL 770630, at *4 (S.D.W. Va. Jan. 17, 2024) (where an inmate files "a petition with the Warden to apply his time credits and the Warden denies it, that denial would not be reviewable by a court"), *Report and Recommendation adopted by* 2024 WL 767228 (S.D.W. Va. Feb. 22, 2024).

Therefore, the undersigned finds that Petitioner's claims are premature because, pursuant to 28 C.F.R. § 523.44(c), he is not entitled to have any allowable sentence credits under the FSA applied until he has maintained a minimum or low recidivism risk level for his last two risk and needs assessments or had a petition to be transferred to prerelease custody or supervised release approved by the Warden. *See Al-Shabazz v. Streeval*, No. 7:23-cv-00138, 2024 WL 1212654, at *2 (W.D. Va. Mar. 21, 2024) ("Inmates with PATTERN scores of medium or high risk of recidivism (with some exceptions) can earn FSA sentence credits, but they are ineligible to have the credits applied to reduce custody or supervised release until their recidivism assessment is reduced to minimum or low risk."). Further, Petitioner "is not entitled to have any allowable sentence credits under the [FSA] applied until 365 days prior to his projected release date" of July 26, 2026.[1] *Sharp v. Brown*, No. 3:23-cv-138-GROH, 2024 WL 3823540, at *5 (N.D.W. Va. Mar. 14, 2024), *Report and Recommendation adopted by* 2024 WL 3493792 (N.D.W. Va. July 22, 2024).

Petitioner has presented no allegations or proof that he has been assessed with a PATTERN score demonstrating the appropriate recidivism risk level such that he is eligible to apply FSA credits. *See Bennett v. Warden, FCI Beckley*, No. 5:23-cv-00477, 2024 WL 3433952, at *4 (S.D.W. Va. June 18, 2024) (finding the petitioner's request to apply FSA time credits was unripe and his recidivism risk level was not subject to judicial review), *Report and Recommendation adopted by* No. 5:23-cv-00477, 2024 WL 3432619 (S.D.W. Va. July 16, 2024). In sum, Petitioner has failed to allege facts to show he is entitled to relief and the Petition should therefore be

---

[1] *See* BOP Inmate Locator available at https://www.bop.gov/inmateloc/ (search by Petitioner's first and last name) (last visited Sept. 11, 2024).

dismissed. *Parrish v. Heckard*, No. 5:22-cv-00134, 2022 WL 20621058, at *5 (S.D.W. Va. Aug. 18, 2022) (finding the petitioner's "[u]nsubstantiated speculative claims . . . fail to state a viable claim for habeas relief"), *Report and Recommendation adopted by* 2023 WL 5733880 (S.D.W. Va. Sept. 5, 2023).

## **CONCLUSION AND RECOMMENDATION**

Accordingly, it is recommended that the § 2241 Petition be DISMISSED without prejudice and without requiring the Respondent to file an answer or return.

IT IS SO RECOMMENDED.

s/William S. Brown<br>
United States Magistrate Judge

September 24, 2024
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).